**CITY OF MUSKOGEE, Oklahoma, a municipal corporation, Appellant,**

v.

**William Boyd JOHNSON, Appellee.**

No. 80164.

Court of Appeals of Oklahoma, Division No. 2.

Oct. 12, 1993.

Certiorari Denied Dec. 7, 1993.

---

Steve Cousparis, City Atty., Muskogee, for appellant.

Gene V. Primomo, Wilcoxen, Wilcoxen & Primomo, Muskogee, for appellee.

REIF, Vice Chief Judge.

The City of Muskogee appeals a summary judgment in favor of William Johnson on the City's third-party claim against Johnson. The City sought to recover the costs to store certain items that were seized by Muskogee police officers pursuant to a search warrant for evidence that Johnson operated a "chop shop." The seizure of items from Johnson spawned two forfeiture proceedings and a criminal prosecution in addition to the instant case that was commenced by the wrecker company that towed and stored the items that were seized. Most of the items that were seized were returned to Johnson free of any storage liens or claims pursuant to unappealed orders in the forfeiture proceedings. It is the storage costs for items that were *not* returned to Johnson that form the basis of the controversy under review. The items that were not returned to Johnson were held an inordinately long time pending the outcome of the State's appeal of the dismissal of the criminal prosecution. The Court of Criminal Appeals reinstated the prosecution, but it appears that even if the prosecution is successful and the remaining items are ultimately forfeited as "chop shop" contraband, the storage costs will exceed their value.

The City contends that the summary judgment in question was improper, because a controversy existed under the record concerning a financial loss incurred by the City that was due to Johnson's operation of a "chop shop." Review of the provisions of the "chop shop" act, 47 O.S.1991 §§ 1501 through 1508, supports the City's position and dictates reversal of the summary judgment on the City's third-party claim against him.

There is no controversy that the Muskogee police had sufficient grounds to obtain a search warrant for Johnson's business for "chop shop" violations and that the warrant was properly executed. Section 1505(P) imposes an affirmative duty on the "seizing agencies [to use] their best efforts to arrange for the towing and storing of motor vehicles and motor vehicle parts in the most economical manner possible." The seizing officers for the City of Muskogee discharged this duty and the district attorney diligently pursued both forfeiture proceedings and a criminal prosecution thereafter. Section 1505(I) contemplates that costs of towing and storage will be paid from forfeiture proceeds; however, the delay from the appeal of the dismissal of the criminal prosecution has resulted in the storage costs exceeding the value of the items. Due to the appeal, the items had to be held under section 1505(Q).

The prolonged delay due to the appeal of the dismissal of the criminal prosecution is one of the "extraordinary circumstances" that section 1503(K) of the "chop shop" act was intended to address. Subsection (1) of section 1503(K) provides for restitution to owners and "*any other person for any financial* loss sustained as a result of [chop shop violations]" (emphasis added). Additionally, section 1506(A) authorizes civil proceedings by "any aggrieved person" who is harmed by a violation of the "chop shop" act. Section 1502(3) defines "person" to include "any ... legal entity" which is inclusive of municipal corporations such as the City of Muskogee. Unquestionably, the City of Muskogee has met its burden to show that it is an "aggrieved person" who has incurred "financial loss" as a consequence of Johnson's alleged violations of the "chop shop" act. Under subsection (2) of 1503(K), the court has a mandatory duty to "determine the extent and method of restitution", except in cases where "the court *shall* make and enter specific written findings on the record concerning the extraordinary circumstances presented which militated against restitution."

The summary judgment record that was "actually presented" discloses sufficient evidentiary support by the City of Muskogee to foreclose summary judgment. More particularly, the City's evidentiary materials support its position that it was a seizing agency that used its best efforts to arrange for the most economical towing and storage of the seized items and that storage costs will exceed the value of the items. As such, the City can be an aggrieved person who sustained financial loss as a consequence of violations of the "chop shop" act. There is a material controversy under the summary judgment record "actually presented" concerning the extent and method of restitution due the City, including "the existence of extraordinary circumstances which militated against restitution."[1] Both the City and Johnson must be afforded a trial on the merits to establish their respective claims and defenses by a preponderance of the evidence.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

BOUDREAU, P.J., and STUBBLEFIELD, J. (sitting by designation), concur.

---

1. With regard to the issue of the "extent and method of restitution," we wish to stress that we do not pass on the underlying issue of whether the property in question should be forfeited.